Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 371 | DATE | 7/2/2002 |
| CASE TITLE | Benedicto D. Flores vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The Commissioner has not met her burden of demonstrating substantial justification in pursuant this litigation. For the reasons stated above, this Court grants [27-1] Flores' petition for fees in the amount of $17,262.51. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 03 2002 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TSA | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENEDICTO D. FLORES,  )
Social Security No. 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,  )
  )
       Plaintiff,  )
  )  No. 00 C 371
v.  )
  )  Wayne R. Andersen
JO ANNE BARNHART,  )  District Judge
Commissioner of Social Security,  )
  )
       Defendant.  )

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the petition of plaintiff, Benedicto D. Flores, for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The issue presented is whether the Commissioner of Social Security ("Commissioner") was substantially justified in denying Disability Insurance Benefits pursuant to 42 U.S.C. §§416(i), 423. Because this Court finds that the Commissioner's position was not substantially justified, the plaintiff's petition for attorney's fees is granted.

## BACKGROUND

On March 11, 1996, plaintiff applied for Disability Insurance Benefits pursuant to 42 U.S.C. §§ 416(i), 423, claiming disability due to his condition of pemphigus vulgaris, a chronic skin disorder known to cause large, severe blisters on the mucous membranes, which tend not to heal. The Department of Health and Human Services denied plaintiff's application for benefits on April 18, 1996. Plaintiff submitted a second application on September 25, 1996 and was again denied benefits on January 7, 1996. Plaintiff then moved to reconsider that ruling on

January 14, 1997, and the Department of Health and Human Services denied reconsideration on March 24, 1997. Plaintiff subsequently requested a hearing in front of an Administrative Law Judge ("ALJ") on May 5, 1997.

After an ALJ evidentiary hearing, the ALJ rejected plaintiff's claim on October 13, 1998. Plaintiff appealed the ALJ's decision, and the Appeals Council rejected a request for review on December 20, 1999. Plaintiff then sought judicial review in this Court on January 20, 2000. On October 31, 2000, this Court granted the defendant's motion for summary judgment. Plaintiff appealed the decision of this Court. On appeal, the U.S. Court of Appeals for the Seventh Circuit vacated the judgment of this Court and ordered that we remand the case to the Commissioner for further proceedings. Flores v. Massanari, 2001 WL 1092796 (7th Cir. 2001). The Seventh Circuit concluded that the ALJ did not provide plaintiff with adequate reasons for the decision and disregarded evidence favorable to plaintiff. Id. at *1.

Plaintiff has now submitted an EAJA fee application in the amount of $16,051.86 plus additional fees of $1,210.65 incurred in briefing the fee petition. The Commissioner argues that her position was substantially justified and, therefore, attorney's fees should not be awarded to plaintiff.

## STANDARD

The EAJA directs courts to award attorney's fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the government's position was not "substantially justified." 28 U.S.C. §2412(d)(1)(A)(1994). A plaintiff is a prevailing party by virtue of remand. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The government's position includes its position during both administrative and judicial proceedings.

2

See 28 U.S.C. 2412(d)(2)(D)(1994). The "substantially justified" standard is satisfied if a genuine dispute exists or if reasonable people could differ as to the appropriateness of the contested action. See Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The test for substantial justification is whether the agency had a rational ground for thinking that it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994).

## DISCUSSION

The Commissioner does not dispute the fact that plaintiff is a prevailing party nor does she argue that the fees requested by plaintiff are unreasonable. The only issue of contention is therefore whether or not the government was substantially justified in its position. The Commissioner carries the burden of proving that her litigation position was substantially justified. 28 U.S.C. 2412(d)(1)(A). This Court finds that the Commissioner has not met this burden.

The Commissioner argues that her position was "substantially justified." To support her case, she points to the fact that this Court upheld the ALJ's decision to deny plaintiff disability benefits. Flores v. Apfel, 2000 WL 1648936 (N.D. Ill., 2000). However, the mere fact that this Court upheld the ALJ's ruling does not constitute substantial justification. See Pierce v. Underwood, 487 U.S. 552, 569 (1988) ("...[T]he fact that one other Court agreed or disagreed with the government does not establish whether its position was substantially justified."). The Commissioner further contends that her position was substantially justified because the ALJ provided sufficient articulation of the reasons for his decision. However, the language of the Seventh Circuit opinion clearly indicates that the ALJ's denial of benefits was not substantially justified. Flores v. Massanari, 2001 WL 1092796 (7th Cir. 2001).

3

The Seventh Circuit opinion indicates that the ALJ decision was flawed and incomplete. The Seventh Circuit faulted the ALJ on each issue that it considered. Specifically, the Seventh Circuit found that the ALJ did not fully consider evidence regarding the side effects of the medication that Flores was taking to control his condition. Flores, 2001 WL 1092796, at *5. Similarly, the Seventh Circuit found that the ALJ did not fully consider the severity of Flores' condition and that he disregarded key medical evidence corroborating Flores' complaints. Id. at *6. The Seventh Circuit also criticized the ALJ's determination that plaintiff could perform light work. They concluded that, while the ALJ did discuss plaintiff's daily activities, the activities listed did not prove that plaintiff could endure the physical necessities of light work. Id. at *6. Furthermore, the Seventh Circuit criticized the ALJ's refusal to give controlling weight to the opinions of plaintiff's treating physician, Dr. McGillen. They indicated that failure to provide good reasons for discrediting a doctor's opinion is alone grounds for remand. Id. at *7 (citing Clifford v. Apfel, 227 F.3d 864, 870 (7th Cir. 2000)). Finally, the Seventh Circuit found that the ALJ overlooked significant pieces of evidence relating to his assessment of plaintiff's subjective pain. Id. at *8.

Ultimately, the Seventh Circuit vacated and remanded this Court's decision because of the ALJ's failure to address significant evidence in the record. Thus, the ALJ's finding that plaintiff was not disabled, the ALJ's subsequent denial of benefits, and this Court's concurrence with those results, were not substantially justified.

4

## CONCLUSION

The Commissioner has not met her burden of demonstrating substantial justification in pursuing this litigation. For the reasons stated above, this Court grants Flores' petition for fees in the amount of $17,262.51. It is so ordered.

 Wayne R. Andersen
United States District Judge

Dated: July 2, 2002